UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER OSHA, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-07651 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a civil detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the San Francisco County Jail #2 ("Jail"), where he is currently confined. Dkt. No. 1. On April 21, 2023, the Court screened the complaint and found it stated a cognizable claim of excessive force and deliberate indifference to serious medical needs again Defendant Osha. Dkt. No. 4 at 4-5. However, all other claims failed to state a claim for relief and were improperly joined. Id. at 5-10. Accordingly, Plaintiff was directed to file a notice of election within twenty-eight days of the order, i.e., no later than May 19, 2023. Id. at 13. Failure to do so would result in this action proceeding solely on the cognizable claims against Defendant Osha, and all other claims and Defendants being dismissed with prejudice without further notice to Plaintiff. Id.

The time to respond to the court order has passed, and Plaintiff has filed no response. Accordingly, this matter shall proceed solely on the cognizable claims against Defendant Osha.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the initial screening order, the Court found the complaint stated the following cognizable claims against Defendant Osha:

> Under "Claim I" of the complaint, Plaintiff alleges that he was exiting his cell on January 27, 2022, to receive medical treatment for chest pain when Defendant Osha "unexpectedly, malicious[ly], sadistically without just cause did an open palm like martial art fast thrust using his left hand" and that that "open palm hit plaintiff in vital area" where he was having severe chest pain. Dkt. No. 1 at 10-11. Defendant Osha then slammed the cell door as Plaintiff was failing to the ground, and then ignored Plaintiff's need for medical care. Id. at 11-12. Plaintiff was later transported to the hospital for treatment. Id. at 14.
>
> Plaintiff claims he is a civil detainee. Dkt. No. 1 at 5. From the information provided in another action, Plaintiff has been civilly committed

2

under California's Sexually Violent Predator Act ("SVPA"), and is therefore an "SVP."[1]  Because SVPs are detained for the purpose of treatment, and the state's power to punish them expires at the end of their criminal sentence, the Eighth Amendment is not the proper vehicle for them to challenge the conditions of their civil confinement.  See Hydrick v. Hunter, 500 F.3d 978, 994 (9th Cir. 2007) ("Hydrick I").  However, the same claims for inhumane treatment and failure to protect may be raised under the Fourteenth Amendment.  Id.  The standard applicable to SVPs under the Fourteenth Amendment is *at least* coextensive with that applicable to prisoners under the Eighth Amendment.  Id.

Furthermore, it is well-established that detained persons have a right to be free from excessive force.  Id.  While excessive force claims by prisoners are reviewed under the Eighth Amendment's malicious and sadistic standard, the more generous Fourteenth Amendment standard applies to those who are civilly confined.  Id.  Thus, the Eighth Amendment provides a floor for the level of protection that SVPs must receive under the Fourteenth Amendment.  Id. at 998.  If SVPs allege conduct that sinks *below* those protections afforded prisoners under the Eighth Amendment, then their claim certainly states a violation of their rights under the Fourteenth Amendment.  Id.  Allegations that force is used in retaliation for exercising legitimate rights and that the amount of force used is often a gross overreaction to the situation state a claim for relief.  Id.

Based on the foregoing, Plaintiff's allegations, liberally construed, are sufficient to state Fourteenth Amendment claims for excessive force and deliberate indifference to serious medical needs against Defendant Osha.

Dkt. No. 4 at 4-5.  Accordingly, this action shall proceed solely on these claims against Defendant Osha.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     This action shall proceed solely on the excessive force and deliberate indifference to serious medical needs claims against Defendant Osha.  All other claims are DISMISSED with prejudice for failure to state a claim for relief.  The Clerk shall terminate

---

[1] See Walker v. Guzman, et al., Case No. 22-cv-00904 EJD, Dkt. No. 18 at 5, fn. 1.

3

all other Defendants from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendant Deputy Osha** at the **San Francisco Sheriff's Department** (City Hall, Mayor's Office, 2nd floor, 1 Dr. Carlton B. Goodlett Pl., San Francisco, CA 94102). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

4

the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**   June 1, 2023

EDWARD J. DAVILA
United States District Judge